IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

EVAN MCELVEEN AND KAY BATES MCELVEEN,

    Plaintiff,

vs.

WAL-MART STORES, INC.
WAL-MART STORES EAST, LP, AND
JOHN DOE DEFENDANTS 1-4

    Defendants.

CASE NO. 2:17cv90-KS-MTP

*FILED JUN 08 2017 — ARTHUR JOHNSTON, DEPUTY — SOUTHERN DISTRICT OF MISSISSIPPI*

## NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF MISSISSIPPI
      EASTERN DIVISION

Defendants, WAL-MART STORES, INC. and WAL-MART STORES EAST, L.P. ("Wal-Mart"), give notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Forrest County, Mississippi, to the United States District Court for the Southern District of Mississippi, Eastern Division. As grounds for this removal, Defendants show as follows:

1. An action was commenced against Wal-Mart in the Circuit Court of Forrest County, Mississippi, entitled *"Evan McElveen and Kay Bates McElveen, Plaintiffs v. Wal-Mart Stores, Inc., Wal-Mart Stores East, L.P and John Does 1-5"* Civil Action No. W17-0042. Attached as Exhibit "A" is the state court file in this action.

1

2. According to the Circuit Clerk's office for the Circuit Court of Forrest County, Mississippi, service of the initial pleading setting forth Plaintiff's claim for relief was affected upon Wal-Mart on April 7, 2017, which was Wal-Mart's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Southern District of Mississippi, Eastern Division, within thirty days of receipt by the Defendant of other papers setting forth the claim for relief upon which Plaintiff's action is based in accordance with 28 U.S.C. § 1446(b)(1). The Circuit Court of Forrest County, Mississippi, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. § 1441(a) & (b).

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the State of Louisiana. In her Complaint, Plaintiff states that she is a resident of Louisiana. (Complaint, ¶ 1.)

6. Wal-Mart Stores, Inc. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a publicly traded company incorporated under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a Delaware limited partnership whose sole limited partner is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, WSE Investment, LLC and whose sole general partner is now and was at all times material hereto, including at the time of the commencement

of this action and this Notice of Removal, WSE Management, LLC. Wal-Mart Stores East, L.P. is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Investment, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores East, LLC (i.e. the only member of WSE Investment, LLC is Wal-Mart Stores East, LLC), and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. WSE Management, LLC is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, likewise a wholly-owned subsidiary of Wal-Mart Stores East, LLC, (i.e. the only member of WSE Management, LLC is Wal-Mart Stores East, LLC) and was, at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, organized under the laws of the State of Delaware, maintaining its principal place of business in Bentonville, Arkansas. Wal-Mart Stores East, LLC, is now and was at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a wholly-owned subsidiary of Wal-Mart Stores, Inc., (i.e. the only member of Wal-Mart Stores East, LLC is Wal-Mart Stores, Inc.) organized under the laws of the State of Arkansas, maintaining its principal place of business in Bentonville, Arkansas.

7.     The presence of fictitious party defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (c).

8. Plaintiff's Complaint seeks unspecified actual/compensatory damages for serious personal injuries to Plaintiff, Evan McElveen, including past, present and future physical injuries, past and future physical pain and suffering, and past and future medical expenses; as well as damages for loss of consortium by Plaintiff Kay Bates McElveen. (Complaint, ¶s 14 and 15).

9. In their Complaint, Plaintiffs did not request a specific amount of damages. Therefore, on May 1, 2017, Wal-Mart propounded requests for admissions to Plaintiffs as to the amount in controversy. On May 17, 2017, the Plaintiffs filed their answers to Wal-Mart's requests for admissions denying that the damages did not exceed $75,000.00, denying that the amount in controversy did not exceed $75,000.00, exclusive of interest and costs, and otherwise answering in a manner establishing that the jurisdictional amount in controversy had been met (Exhibits "B" and "C").

10. This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

11. Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Forrest County, Mississippi, and a written notice of this removal has been served on all adverse parties as required by law.

12. If any questions arise as to the propriety of the removal of this action, Wal-Mart requests the opportunity to present a brief and oral argument in support of its position that this cause is removable.

Respectfully submitted June __7__, 2017.

_____
W. PEMBLE DELASHMET MS 8840
wpd@delmar-law.com
CHAD C. MARCHAND MS 102752
ccm@delmar-law.com
MIGNON M. DELASHMET MS 2896
mmd@delmar-law.com
Attorneys for Defendants

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-1578

CERTIFICATE OF SERVICE

I hereby certify that I have on this day June 7, 2017 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Dunbar Dowdy Wyatt, Esq.
Dunbar Dowdy Wyatt, Attorney at Law
78 Marais Ridge
Hattiesburg, MS 39402

_____
OF COUNSEL

5