# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

EVAN MCELVEEN, *et al.*,                                    PLAINTIFFS

v.                                    CIVIL ACTION NO. 2:17-CV-90-KS-MTP

WAL-MART STORES, INC., *et al.*                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [93].

## I. BACKGROUND

This is a slip-and-fall case. Plaintiffs Buddy and Kay McElveen visited a Wal-Mart store in Hattiesburg, Mississippi. Shortly after entering the store, Mr. McElveen slipped in a puddle of french onion dip and fell, injuring himself. The record contains no evidence as to the cause of the spill. Defendant filed a Motion for Summary Judgment [93], arguing that Plaintiff could not present evidence that it had actual or constructive notice of the spill. Alternatively, Defendant argues that Plaintiff does not have evidence to support a claim for punitive damages.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is

material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

First, Defendant argues that Plaintiffs do not have sufficient evidence to establish liability. In a premises liability case, the plaintiff must prove the four elements of common-law negligence: (1) duty, (2) breach of duty, (3) causation, and (4) damages. *Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 822 (S.D. Miss. 2014). The duty owed to the plaintiff depends on his or her status as an invitee, licensee, or trespasser. *Doe v. Miss. State Fed'n of Colored Women's Club Housing for the Elderly in Clinton, Inc.*, 941 So. 2d 820, 826 (Miss. Ct. App. 2006). Therefore, "[p]remises liability analysis under Mississippi law requires three determinations: (1) legal status

of the injured person, (2) relevant duty of care, and (3) defendant's compliance with that duty." *Wood v. RIH Acquisitions MS II LLC*, 556 F.3d 274, 275 (5th Cir. 2009); *see also Leffler v. Sharp*, 891 So. 2d 152, 156 (Miss. 2004).

It is undisputed that Plaintiff was an invitee at the time of the accident. "Mississippi law imposes upon a business owner or operator a duty to the invitee to keep its premises in a reasonably safe condition and to warn of dangerous conditions which are not readily apparent to the invitee." *K-Mart Corp. v. Hardy*, 735 So. 2d 975, 981 (Miss. 1999). However, a business owner is not an insurer against all accidents and injuries that may occur on its premises. *Anderson v. B. H. Acquisitions, Inc.*, 771 So. 2d 914, 918 (Miss. 2000). Mere proof of a fall within a business is insufficient to recover on a negligence claim. *Rod v. Home Depot USA, Inc.*, 931 So. 2d 692, 695 (Miss. Ct. App. 2006). To prove a premises liability claim, a plaintiff-invitee must show either:

> (1) a negligent act of the defendant caused her injury; (2) the defendant had actual knowledge of the dangerous condition, but failed to warn the plaintiff; or (3) the defendant should have known about the dangerous condition, in that the dangerous condition existed for a sufficient amount of time to impute constructive knowledge to the defendant.

*Id.* at 694-95 (citing *Byrne v. Wal-Mart Stores, Inc.*, 877 So. 2d 462, 465 (Miss. Ct. App. 2004)); *see also Downs v. Choo*, 656 So. 2d 84, 86 (Miss. 1995); *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 89 (Miss. 2013).

The record contains evidence from which a jury could infer that Defendant had notice of the spill in time to rectify it before Mr. McElveen slipped. Specifically, surveillance camera footage shows a Wal-Mart employee pushing a cart in the

direction of the spill shortly before Mr. McElveen slipped. *See* Exhibit I to Response, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Dec. 4, 2018), ECF No. 98-9 (conventionally filed). It is undisputed that the employee in question was Marcus Hutton, a Wal-Mart Maintenance Associate, and that he was pushing a cleaning cart directly toward the spill. *See* Reply at 1, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Dec. 11, 2018), ECF No. 100.

Hutton entered the central "Action Alley" aisle that runs perpendicular to the checkout stations at approximately 8:34:58 P.M. and began traveling toward the spill. At 8:35:04 P.M., he stopped, left his cart in the aisle, and walked over to one of the checkout stations. At approximately 8:35:34 P.M., Hutton returned to the cleaning cart, and at approximately 8:35:37 P.M., he started moving toward the spill again. One second or less later, Mr. McElveen slipped and fell.[1]

Rahm Singh, Defendant's Asset Protection Manager, testified that when a Wal-Mart associate encounters a spill, "[t]hey're supposed to stand and guard the spill until they can have maintenance come clean it up. They can clean it up themselves or another associate can guard the spill while they go get clean-up materials." Exhibit C to Response at 2-3, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Dec. 4, 2018), ECF No. 98-3. He also testified that if an associate is told by a customer that there is a spill, they are expected to "walk right over to that area . . . and go stand on this spill." *Id.* at 4. He confirmed that associates were expected to

---

[1]Defendant does not dispute the authenticity of the video or the identification of Hutton or Mr. McElveen.

"immediately" proceed to the location of the spill. *Id.* Likewise, Betty James, Defendant's Customer Service Manager, testified that "[i]f you find a spill, you have to guard the spill until somebody shows up to clean up the spill." Exhibit D to Response at 4, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Dec. 4, 2018). Moreover, she testified that maintenance employees were expected to proceed straight to a spill when called for clean up. *Id.* at 9.

Plaintiffs argue that a jury could infer from the surveillance video that Hutton had been called to clean up the spill. The Court agrees. The video shows Hutton moving directly toward the spill, and after he stopped he continued in the same direction until he reached the spill. The spill was generally in his line of sight once he entered "Action Alley." A jury could reasonably infer from the video that Defendant had notice of the spill, and that Hutton was on his way to clean it up. Additionally, Hutton stopped for approximately thirty-three seconds. A jury could reasonably infer that if he had proceeded directly to the spill, rather than stopping at the check out station, he would have arrived before Mr. McElveen slipped and fell, preventing the subject accident from occurring. For these reasons, the Court finds that Plaintiffs have presented sufficient evidence to create a genuine dispute of material fact as to Defendant's liability.

Alternatively, Defendant argues that Plaintiffs do not have sufficient evidence to justify an award of punitive damages. "Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which

evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." MISS. CODE ANN. § 11-1-65(1)(a). Punitive damages are generally only allowed "where the facts are highly unusual and the cases extreme." *Wise v. Valley Bank*, 861 So. 2d 1029, at 1035 (Miss. 2003). "[S]imple negligence is not of itself evidence sufficient to support punitive damages, but accompanying facts and circumstances may be used to show that that portion of defendant's conduct which constituted proximate cause of the accident was willful and wanton or grossly negligent." *Choctaw Maid Farms v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002).

Plaintiffs argue that Hutton's delay in proceeding to the area of the spill constitutes gross negligence and/or willful indifference, but Plaintiffs cited no Mississippi law in support of their argument that a momentary pause in proceeding to clean up a known hazard constitutes "gross negligence which evidences a willful, wanton or reckless disregard for the safety of others." MISS. CODE ANN. § 11-1-65(1)(a). Therefore, the Court finds that Plaintiffs have not presented sufficient evidence to justify an award of punitive damages, and the Court grants Defendant's Motion for Summary Judgment [93] in that respect.

## IV. CONCLUSION

For these reasons, the Court **grants in part and denies in part** Defendant's Motion for Summary Judgment [93]. The Court grants the motion with respect to Plaintiffs' punitive damages claim, but the Court denies it in all other respects.

SO ORDERED AND ADJUDGED this 8th day of January, 2019.

/s/    Keith Starrett
                    KEITH STARRETT
                    UNITED STATES DISTRICT JUDGE