IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EVAN MCELVEEN,** *et al.*                                                                    **PLAINTIFFS**

**v.**                                                                 **CIVIL ACTION NO. 2:17-CV-90-KS-MTP**

**WAL-MART STORES, INC.,** *et al.*                                                **DEFENDANTS**

## ORDER

For the reasons provided below, the Court finds as follows:

- The Court **grants** Defendant's Motion in Limine [121] regarding medical testimony by lay witnesses.

- The Court **grants in part and denies in part** Defendant's Motion in Limine [122] regarding future medical procedures and costs.

- The Court **grants** Defendant's Motion in Limine [123] regarding "conscience of the community" and "golden rule" arguments.

- The Court **grants** Defendant's Motion in Limine [124] to exclude the hearsay statements by Gladys Johnson.

- The Court **grants** Defendant's Motion in Limine [125] as to Ms. McElveen's lost retirement benefits.

- The Court **denies** Defendant's Motion in Limine [126] as to medical expert testimony outside the scope of the medical records **without prejudice** to Defendant's right to raise the issue again at trial.

### A.   *Expert Medical Testimony [121]*

First, Defendant argues that the Court should exclude all testimony from Plaintiff or any other lay witness "concerning evidence of an expert nature and/or

opinions of medical causation, medical certainty, medical probability or the relation of any cost, treatment, or procedure – past or future – to the incident in question." In response, Plaintiffs represent that they only "intend to offer fact testimony by Plaintiffs or other lay witnesses."

Of course, neither Plaintiffs nor any other lay witness may provide expert medical testimony, which includes testimony regarding medical causation, medical probability, or the likelihood and cost of future medical procedures. FED. R. EVID. 701(c), 702; *see also Patterson v. Radioshack Corp.*, 268 F. App'x 298, 302 (5th Cir. 2008). Therefore, the Court grants Defendant's Motion in Limine [121] to exclude expert medical testimony by Plaintiffs or other lay witnesses.

## B.   *Future Medical Costs [122]*

Next, Defendant argues that the Court should exclude any evidence or argument regarding Plaintiffs' future medical treatment and costs. Specifically, Defendant objects to the admission of testimony from Plaintiffs or Mr. McElveen's treating physician, Dr. Mohammed Elkersh, related to potential future radiofrequency ablation procedures or a shoulder replacement. Defendant argues that Plaintiffs provided no expert report from Dr. Elkersh, and that his records contain no mention of any future procedures, their frequency, or their cost. Plaintiffs offered no substantive response to this argument, noting only that they had designated Elkersh as an expert and provided a summary of his expected testimony.

Rule 26 requires parties to disclose the identity of any person who will provide

2

expert testimony at trial. FED. R. CIV. P. 26(a)(2)(A). "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the proponent of the expert testimony must provide a written report prepared and signed by the witness. FED. R. CIV. P. 26(a)(2)(B). But if the expert witness is not required to provide a written report, the designation must provide the subject matter of the expert's testimony, and a summary of the facts and opinions to which she is expected to testify. FED. R. CIV. P. 26(a)(2)(C). "A number of courts agree that a treating physician may testify as a non-retained expert witness – and therefore need not provide an expert report . . . ." *Kim v. Time Ins. Co.*, 267 F.R.D. 499, 502 (S.D. Tex. 2008) (collecting cases); *see also* FED. R. CIV. P. 26(a)(2)(B).

But if a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett v. Deere*, No. 2:15-CV-2-KS-MTP, 2016 U.S. Dist. LEXIS 123114, at *3 (S.D. Miss. Sept. 11, 2016). "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained

3

expert and must comply with Rule 26(a)(2)(B)." *Id.* [1] Therefore, if a treating physician's expected testimony – whether fact or opinion – is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B).

Plaintiffs did not produce an expert report from Dr. Elkersh. Defendant represents – and Plaintiffs have not disputed – that Elkersh's records do not include any information regarding Mr. McElveen's future treatment or its cost. Therefore, any opinions or other testimony from Elkersh related to future treatment were not properly disclosed.

A party's failure to properly disclose an expected expert's testimony is "grounds for prohibiting introduction of that evidence at trial." L.U.Civ.R. 26(a)(2). Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike

---

[1] S*ee also Previto v. Ryobi N. Am., Inc.*, No. 1:08-CV-177-HSO-JMR, 2010 U.S. Dist. LEXIS 133344, at *9-*10 (S.D. Miss. Dec. 16, 2010); *Cooper v. Wal-Mart Transp. LLC*, No. H-08-0085, 2009 U.S. Dist. LEXIS 8706, at *3-*4 (S.D. Tex. Feb. 5, 2009); *Lee v. Valdez*, No. 3:07-CV-1298-D, 2008 U.S. Dist. LEXIS 70979, at *9-*10 (N.D. Tex. Sept. 18, 2008); *Boudreaux v. J.P. Morgan Chase & Co.*, No. 07-555, 2007 U.S. Dist. LEXIS 86686, at *6-*7 (E.D. La. Nov. 21, 2007); *Duke v. Lowe's Home Ctrs., Inc.*, No. 1:06-CV-207-P-D, 2007 U.S. Dist. LEXIS 80415, at *3-*4 (N.D. Miss. Oct. 19, 2007); *Robbins v. Ryan's Family Steak Houses E., Inc.*, 223 F.R.D. 448, 453 (S.D. Miss. Sept. 16, 2004); *Lowery v. Spa Crafters, Inc.*, No. SA-03-CA-0073-XR, 2004 U.S. Dist. LEXIS 16072, at *4-*5 (W.D. Tex. Aug. 16, 2004).

4

an expert's testimony for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996) (citing *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989)); *see also Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Plaintiffs have not provided any explanation for their failure to provide more detailed information about Elkersh's opinions regarding future treatment. The disputed testimony relates to an element of Plaintiffs' damages, but it is difficult for the Court to assess its probative value without an expert report or deposition transcript. Regardless, Dr. Elkersh's testimony appears to be the only way that Plaintiffs can substantiate their claim for future medical costs related to radiofrequency ablation treatments. In that respect, it is important testimony.

Based on the record before the Court, Defendant would not be prejudiced by permitting Elkersh to testify as to some future treatments and medical costs. Despite Plaintiffs' failure to properly disclose the opinions, Defendant was aware of the

5

possibility of future treatments well in advance of the discovery deadline. Plaintiffs disclosed in their initial designation in early January 2018 that Elkersh would "testify to Mr. McElveen's prognosis and the probability of the injury necessitating future surgery(ies) and/or treatment," but they did not provide any details as to the expected testimony. Exhibit C to Motion in Limine at 2, *McElveen v. Wal-Mart Stores, Inc.*, 2:17-CV-90-KS-MTP (S.D. Miss. Jan. 24, 2019), ECF No. 122-3.

Later that month, Plaintiffs represented in discovery that Elkersh "indicated" that the ablation procedures "may be required 2-3 times a year if the headaches persist," at a cost of $22,250.91 each. Exhibit D to Motion in Limine at 20, 25, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Jan. 24, 2019), ECF No. 122-4. Plaintiffs supplemented their discovery responses in September 2018, mentioning an "additional shoulder replacement as recommended by [Mr. McElveen's] orthopedic surgeon (approx. $40,000) and subsequent ablation procedures as recommended by Dr. Elkersh ($25,000 at 3x year)." Exhibit E to Motion in Limine at 27, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Jan. 24, 2019), ECF No. 122-5.

All of these disclosures occurred before the discovery deadline of October 5, 2018. Accordingly, Defendant had notice that Dr. Elkersh believed that Mr. McElveen would require additional ablation procedures in the future, but it chose not to depose Elkersh, although it had the right to do so. While the reference to a potential shoulder replacement by an unidentified physician is too vague to provide Defendant with any

6

meaningful notice, Defendant has much more information regarding the ablation treatments. For example, Defendant already has the medical records with respect to at least one ablation treatment by Dr. Elkersh. Therefore, the Court finds that Defendant would not be prejudiced by permitting Elkersh to testify that Mr. McElveen may require two to three ablation treatments annually, at a cost of up to $25,000 each.

After consideration of the *Geiserman* factors, the Court concludes that Plaintiffs' failure to properly disclose Elkersh's opinions regarding future ablation treatments is not sufficiently prejudicial to justify striking the testimony altogether. Dr. Elkersh will be permitted to testify that Mr. McElveen may require two to three ablation treatments annually, at a cost of up to $25,000 each. But Elkersh may not provide testimony regarding any additional future medical treatments or costs, because they were not previously disclosed to Defendant.

## C. *"Conscience of the Community"* [123]

Defendant argues that the Court should exclude any "conscience of the community" or "golden rule" arguments. "A conscience-of-the-community argument is any impassioned and prejudicial plea intended to evoke a sense of community loyalty, duty and expectation," often invoking "the parties' relative popular appeal, identities, or geographical locations to prejudice the viewpoint of the jury against an out-of-state corporation." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011). "A Golden Rule argument suggests that the jury place themselves in the

7

plaintiff's position and do unto him as they would have him do unto them." *Id.* Neither argument is proper. *Id.* Accordingly, the Court grants Defendant's Motion in Limine [123] as to "conscience of the community" and "golden rule" arguments.

### D. *Gladys Johnson [124]*

Defendant argues that the Court should exclude certain hearsay statements by Gladys Johnson. According to Ms. McElveen, Johnson approached her after the accident. Exhibit A to Motion in Limine at 1, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Jan. 24, 2019), ECF No. 124-1. McElveen claims that Johnson was "distressed and upset that Buddy had fallen because she said that she had reported the spilled substance on the floor to a Wal-Mart employee some 10 minutes earlier." *Id.*

Johnson's testimony contradicts Ms. McElveen's version of events. Johnson testified that she noticed the spill shortly after entering the store, while browsing a clothing rack near the aisle. Exhibit B to Motion in Limine at 7, *McElveen v. Wal-Mart Stores, Inc.*, No. 2:17-CV-90-KS-MTP (S.D. Miss. Jan. 24, 2019), ECF No. 124-2. After she noticed the spill, she went to find a Wal-Mart employee. *Id.* at 8. It took her approximately two to three minutes to find one. *Id.* She told the employee about the spill and took her to its location, but by the time they got there, Mr. McElveen had already fallen. *Id.* According to Johnson, she volunteered her name and number to Ms. McElveen, said she hoped Mr. McElveen got better, but did not talk to Ms. McElveen any further at the scene. *Id.* at 9. Johnson specifically denied that she had

8

told a Wal-Mart employee about the spill ten to fifteen minutes before the fall, as Plaintiffs claim. *Id.* at 14. She also denied having made any statement at the scene to that effect. *Id.* In fact, she testified that only two to four minutes passed between her initial observation of the spill and Mr. McElveen's fall. *Id.* at 14-15.

Ms. McElveen's testimony of what Ms. Johnson said at the scene of the accident is indisputably hearsay. *See* FED. R. EVID. 801(c). Hearsay is generally not admissible. FED. R. EVID. 802. Plaintiffs argue that Ms. McElveen's testimony as to what Ms. Johnson said at the scene of the accident is admissible under the exceptions for present sense impressions and excited utterances. FED. R. EVID. 803(1)-(2).

A "present sense impression" is a "statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." FED. R. EVID. 803(1). Such statements are "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." *Id.* "The basis for this hearsay exception relies on the contemporaneousness of the event under consideration and the statement describing the event. Because the two occur almost simultaneously, there is almost no likelihood of a deliberate or conscious misrepresentation." *United States v. Polidore,* 690 F.3d 705, 720 (5th Cir. 2012).

According to Plaintiffs' version of events, Johnson allegedly described to Ms. McElveen what she had seen and done *ten minutes* beforehand. Therefore, Johnson's description of seeing the spill and notifying a Wal-Mart employee did not occur contemporaneously with the events themselves. Accordingly, the present-sense-

9

impression exception to the hearsay rule is inapplicable here. *See Polidore*, 690 F.3d at 720 (declarant described and explained events while he was observing them); *United States v. Peacock*, 654 F.2d 339, 350 (5th Cir. 1981) (declarant described events immediately after they occurred); *United States v. Cain*, 587 F.2d 678, 681 (5th Cir. 1979) (approving of precedent holding that fifteen minutes between statement and event described was too long).

An "excited utterance" is a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." FED. R. EVID. 803(2). Such statements are "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness." *Id.* "For a statement to be admitted pursuant to the excited utterance exception to the hearsay rule, there must (1) be some occurrence or event sufficiently startling to render normal reflective thought processes inoperative, and (2) the statement of the declarant must have been a spontaneous reaction to the occurrence or event and not the result of reflective thought." *United States v. Jackson*, 204 F.3d 1118, *8 n. 46 (5th Cir. 1999).

Nothing in Johnson's testimony indicates that she was startled by discovering that someone had slipped on the spill. Exhibit B [124-2], at 9-10. In fact, her response was relatively pedestrian. She asked if Mr. McElveen was okay and whether they had called 911, volunteered her contact information, and then she went about her own business. *Id.* Moreover, the Court is not convinced that coming upon someone on the floor after they have already slipped and fallen is "sufficiently startling to render

normal reflective thought processes inoperative . . . ." *Jackson*, 204 F.3d at *8 n. 46. Accordingly, the Court finds that the excited-utterance exception to the hearsay rule is inapplicable here.

Finally, "[t]he overarching theory for Rule 803 exceptions is that, under certain circumstances, a statement, although it is hearsay, may still possess circumstantial guarantees of trustworthiness sufficient to justify its admission as evidence." *Rock v. Huffco Gas & Oil Co., Inc.*, 922 F.2d 272, 280 (5th Cir. 1991). Even if a Rule 803 exception applied here, the divergence between Johnson's version of events and Mrs. McElveen's is enough to offset whatever "circumstantial guarantees of trustworthiness" may accrue to the hearsay. The Court grants Defendant's Motion in Limine [124] to exclude the hearsay statements by Gladys Johnson.

### E.    *Lost Retirement Benefits [125]*

Next, Defendant argues that the Court should exclude all evidence or argument concerning Ms. McElveen's alleged lost retirement benefits. In response, Plaintiffs represented that they do not intend to offer evidence of lost retirement benefits as a category of damages, but that they intend to offer fact testimony regarding Ms. McElveen's decision to retire and "the repercussions from the decision."

Plaintiffs' response is potentially contradictory insofar as they disclaim any demand for lost retirement benefits, yet reserve their right to offer fact testimony regarding the "repercussions" of Ms. McElveen's decision to retire. Regardless, Plaintiffs do not deny that they failed to produce any calculation or substantiation for

11

this category of alleged damages. Therefore, the Court will assume that Plaintiffs did not comply with their disclosure requirements regarding such damages.

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike evidence for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club*, 73 F.3d at 572.

Plaintiffs have not provided any explanation for their failure to provide information regarding this category of damages. Evidence of the "repercussions" of Ms. McElveen's retirement would not be important to Plaintiffs' case because they explicitly denied that they were seeking such damages. In any case, allowing any testimony or other evidence regarding the alleged lost retirement benefits would be prejudicial to Defendant because Plaintiffs did not disclose such evidence, and there is no time to cure the prejudice before trial. For these reasons, the Court grants

12

Defendant's Motion in Limine [125] as to Ms. McElveen's lost retirement benefits, including any testimony or evidence regarding the "repercussions" of her retirement, to the extent such "repercussions" include lost retirement benefits.

### F. Medical Experts [126]

Finally, Defendant argues that the Court should bar Plaintiffs' treating physicians from offering any expert opinions or testimony that is inconsistent with or beyond the scope of the medical records from their treatment of Plaintiffs. Plaintiffs made no substantive response to this motion, beyond asserting that they intended to present evidence regarding each physician's treatment of Mr. McElveen.

As noted above, "a treating physician may testify as a non-retained expert witness – and therefore need not provide an expert report . . . ." *Kim*, 267 F.R.D. at 502; *see also* FED. R. CIV. P. 26(a)(2)(B). But if a treating physician "does not provide an expert report, his testimony must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett*, 2016 U.S. Dist. LEXIS 123114 at *3. "Conversely, where a treating physician has prepared his opinions in anticipation of litigation or relies on sources other than those utilized in treatment, courts have found that the treating physician acts more like a retained expert and must comply with Rule 26(a)(2)(B)." *Id.* Therefore, if a treating physician's expected testimony – whether fact or opinion

– is not in the medical records from his or her treatment of the plaintiff, the plaintiff is required to produce an expert report in compliance with Rule 26(a)(2)(B).

"If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). When determining whether to strike evidence for a party's failure to properly and timely disclose required information, the Court considers the following factors:

(1) the importance of the witnesses' testimony;

(2) the prejudice to the opposing party of allowing the witnesses to testify;

(3) the possibility of curing such prejudice by a continuance; and

(4) the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club*, 73 F.3d at 572.

This is not an analysis that the Court can conduct in the abstract, as demonstrated by the Court's previous discussion of Dr. Elkersh's testimony. Before the Court can determine whether the testimony should be excluded because Plaintiffs failed to disclose it, the Court needs to know the nature of the expected testimony and whether Defendant was otherwise made aware of it during the discovery process. Therefore, the Court presently **denies** Defendant's Motion in Limine [126] as to expert testimony from Plaintiffs' treating physicians, but Defendant may raise the

issue again at trial with more specificity. Plaintiffs shall not elicit any medical expert testimony outside the scope of their treating physicians' records without notifying the Court and opposing counsel ahead of time.

SO ORDERED AND ADJUDGED this 14th day of February, 2019.

/s/ Keith Starrett  
KEITH STARRETT  
UNITED STATES DISTRICT JUDGE